Andrew Trice – 0088521
Attorney for the Plaintiff

## COURT OF COMMON PLEAS
## CIVIL DIVISION
## CLERMONT COUNTY, OHIO

| | | |
|---|---|---|
| **TANYA BARRETT-PETERS**<br>45 Huntington Avenue<br>Amelia, Ohio 45102<br><br>     Plaintiff,<br><br>vs.<br><br>**WALMART INC.**<br>*Serve*: CT Corporation System<br>4400 Easton Commons Way, Suite 125<br>Columbus, OH 43219<br><br>     Defendant. | : : : : : : : : : : : : : : : | Case #: 2022 CVC 01072   JUDGE BROCK<br><br><br>Judge:<br><br><br><u>**COMPLAINT**</u> |

FILED 2022 NOV -4 PM 4:13 BARBARA A. WIEDENBEIN CLERK OF COMMON PLEAS CLERMONT COUNTY, OH

## **FIRST CAUSE OF ACTION**

1.     On or about November 11, 2020, Defendant Walmart Inc. ("Walmart") owned, operated, managed and/or maintained the premises located at 201 Chamber Drive, Milford, Clermont County, Ohio 45150.

2.     On or about November 11, 2020, Defendant Walmart was operating as a for profit business.

3.     On or about November 11, 2020, Defendant Walmart was open and doing business as a grocery store and permitted invitees onto its premises.

4.     On or about November 11, 2020, Plaintiff Tanya Barrett-Peters was an invitee and on the premises of Defendant Walmart.

5.     At all times relevant hereto, Defendant Walmart had a duty of care to maintain the premises in a safe and sanitary condition, free from any dangerous or hazardous conditions or

1

defects, which Defendant Walmart knew or should have known, posed an unreasonable risk of harm to their invitees, and in particular to Plaintiff Tanya Barrett-Peters.

6. On or about November 11, 2020, Defendant Walmart had a duty of care to inspect the premises for dangerous conditions and/or defects, which they knew, or should have known, posed an unreasonable risk of harm to their invitees, such as Plaintiff Tanya Barrett-Peters.

7. On or about November 11, 2020, Defendant Walmart had a duty of care to warn and/or repair dangerous conditions and/or defects, which they knew, or should have known, posed an unreasonable risk of harm to their invitees, such as Plaintiff Tanya Barrett-Peters.

8. On or about November 11, 2020, Defendant Walmart negligently failed to ensure that the premises was safe and free from all dangerous conditions and/or defects.

9. On or about November 11, 2020, Defendant Walmart negligently maintained the premises so that a dangerous condition and/or defect existed in the Produce Department.

10. On or about November 11, 2020, Defendant Walmart negligently failed to inspect the premises for a dangerous condition and/or defect, which was readily discoverable.

11. On or about November 11, 2020, Defendant Walmart negligently failed to repair a known, dangerous condition and/or defect on the premises, which they knew, or should have known, existed.

12. On or about November 11, 2020, Defendant Walmart negligently failed to warn or otherwise notify Plaintiff Tanya Barrett-Peters of a dangerous condition and/or defect on the premises, which they knew, or should have known, existed.

13. On or about November 11, 2020, Defendant Walmart negligently knew, or should have known, that a dangerous condition existed on the premises.

14. On or about November 11, 2020, Defendant Walmart negligently created an unreasonable, dangerous condition and/or defect on the premises.

15. On or about November 11, 2020, Defendant Walmart negligently, through actions of their employee(s) or agent(s), created an unreasonable, dangerous condition and/or defect on the premises.

16. On or about November 11, 2020, Defendant Walmart negligently, through actions of their employee(s) or agent(s), failed to repair a known, dangerous condition and/or defect on the premises, which they knew, or should have known, existed.

17. On or about November 11, 2020, Defendant Walmart negligently, through actions of their employee(s) or agent(s), failed to warn or otherwise notify Plaintiff Tanya Barrett-Peters of a dangerous condition and/or defect on the premises, which they knew, or should have known, existed.

18. On or about November 11, 2020, Defendant Walmart negligently, through actions of their employee(s) or agent(s), failed to inspect the premises for a dangerous condition and/or defect, which was readily discoverable.

19. On or about November 11, 2020, Defendant Walmart negligently, through actions of their employee(s) or agent(s), maintained the premises so that the dangerous condition and/or defect existed.

20. Regardless of the exact nature of the employment and/or agency relationship, Defendant Walmart were vicariously liable on or about November 11, 2020, for the acts or omissions of their employee(s) or agent(s), as described in the causes of action above.

21. On or about November 11, 2020, and as a direct and proximate result of the negligence of Defendant Walmart, Plaintiff Tanya Barrett-Peters slipped and fell in the Produce Department.

22. As a direct and proximate result of the negligence of Defendant Walmart, Plaintiff Tanya Barrett-Peters suffered temporary and permanent bodily injuries; has endured pain and suffering and will continue to do so in the future; has incurred medical expenses in an undetermined amount and will continue to do so in the future; has incurred lost wages in an undetermined amount and will continue to do so in the future; and has suffered damages for the lost enjoyment of life and will continue to suffer damages for the lost enjoyment of life in the future.

**WHEREFORE**, Plaintiff Tanya Barrett-Peters demands judgment against Defendant Walmart Inc. in an amount in an amount in excess of $25,000.00 (Twenty-Five Thousand Dollars), prejudgment interest to be determined by the Court plus costs and all other relief to which she may be entitled.

Respectfully Submitted,
O'CONNOR, ACCIANI & LEVY LPA

Andrew Trice – 0088521
Attorney for the Plaintiff
600 Vine Street, Suite 1600
Cincinnati, Ohio 45202
Telephone: 513-241-7111
Facsimile: 513-241-7197
Email: AJT@oal-law.com